IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANGELA DENISE NAILS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:15cv441-WHA-WC |
| | ) | |
| TROY CABLE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND RECOMMENDATION OF
## THE MAGISTRATE JUDGE

Before the court is Plaintiff's Complaint (Doc. 1).  On June 25, 2015, the District Judge entered an Order referring this matter to the undersigned Magistrate Judge "for action or recommendation on all pretrial matters."  Order (Doc. 3).

Plaintiff appears to be requesting leave to proceed *in forma pauperis*,[1] Mot. (Doc. 2), which obligates the court to undertake review of Plaintiff's Complaint pursuant to the provisions of 28 U.S.C. § 1915(e).  *See Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002) (applying § 1915(e) in non-prisoner action).  That statute instructs the court to dismiss any action wherein it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  §

---

[1] Plaintiff filed a document titled "Affidavit of Substantial Hardship," and an order denying the request, issued by the Crenshaw Circuit Court, *see* Doc. 2 at 1-2, which was docketed as a Motion for Leave to Proceed *in forma pauperis*.  Such a filing is not a proper request to proceed *in forma pauperis* in this court.

1915(e)(2)(B)(i)-(iii).

Upon review of the Complaint, the undersigned Magistrate Judge finds that this case is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because it is frivolous and fails to state a claim on which relief may be granted.

## I.    BACKGROUND

On June 22, 2015, Plaintiff filed a Complaint that alleges, as best the court can discern, that Plaintiff, at some point in time, used Defendant as her cable provider. Compl. (Doc. 1) at 1-2.  She takes issue with their customer service and accuses Defendant of violating "the Alabama Consumer business laws to provide services with customer service."  *Id.* at 2.  In particular, Plaintiff complains that Defendant

    (1) Turn[ed] off of cable without notice
    (2) Turn[ed] off cable after date(s) requested to shut cable off
    (3) E-mail sent to the Plaintiff I had no agreement with [Defendant]
    (4) [Defendant] continued to harass saying the agreement is 1 year I must use cable.  And the unprofessional customer service of Troy Cable management to [??] me to research my obligation with [Defendant]

*Id.* at 2.  Plaintiff asserts, "A Business who offer services should provide their services without delay and customer [sic] service issue should be handle [sic] according to The Laws of Consumer laws."  *Id.* at 1.  Accordingly, Plaintiff seeks damages of $700.00, "the damage amount the Plaintiff has gone threw [sic] with the Defendant."  *Id.* at 2.

## II.    DISCUSSION

Having carefully reviewed Plaintiff's complaint, the undersigned finds that, even upon a very liberal construction of Plaintiff's pleadings,[2] this case is due to be dismissed, as Plaintiff's claims are frivolous and fail to state a claim upon which relief can be granted.  Moreover, although not requested by Plaintiff, the undersigned finds leave to further amend Plaintiff's complaint should not be provided of the court's own initiative because, apart from the many pleading deficiencies in Plaintiff's present complaint, she cannot establish this court's subject matter jurisdiction on the factual allegations in his complaint.  *See, e.g.*, *Cornelius v. Bank of America, NA*, 585 F. App'x 996, 1000 (11th Cir. 2014) ("While a pro se litigant generally must be given at least one opportunity to amend h[er] complaint, a district judge need not allow an amendment where amendment would be futile.").[3]

Rule 8 of the Federal Rules of Civil Procedure requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R.

---

[2]"In the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers."  *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, *pro se* plaintiffs are required to follow the same procedural and pleading rules as other litigants. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Moon v. Newsome*, 863 F.2d 835 (11th Cir. 1989).  Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'"  *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

[3]Furthermore, the opportunity to amend contemplated by governing case law, *see Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002), is not inconsistent with the undersigned's recommendation of dismissal. Plaintiff will be permitted to file objections to the findings set forth in this recommendation, and thus is afforded the requisite opportunity to be heard about her complaint's deficiencies prior to any dismissal of the complaint.

Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff has failed to allege sufficient factual detail to support any plausible claim for relief.

Moreover, the court notes that Plaintiff has failed to establish a jurisdictional basis for her claims and it appears that the court lacks such jurisdiction.  "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case."  *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001).  Thus, a federal court "should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings" and, "once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue."  *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

Plaintiff has not established jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a).  "Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000."  28 U.S.C. § 1332(a).  Plaintiff did not plead the citizenship of herself or Troy Cable as defendant, and Plaintiff did not plead an amount in controversy exceeding $75,000.  Additionally, Plaintiff has not established federal question jurisdiction.  Congress has authorized the federal district courts to exercise original jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

The only claim asserted by Plaintiff is that Defendant violated "the Alabama Consumer business laws."  Compl. (Doc. 1) at 1-2.    Accordingly, Plaintiff's action does not arise under the Constitution, laws, or treaties of the United States.

## III.    CONCLUSION

Accordingly, for the reasons stated above, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's case be DISMISSED prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) because the Complaint is frivolous on its face and fails to state a claim on which relief may be granted.  Further, it is

ORDERED that because Plaintiff has not filed a proper motion for leave to proceed in forma pauperis or a proper affidavit in support, the document docketed as "motion for leave to proceed *in forma pauperis*" (Doc. 2) is DENIED.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 20, 2015**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except

upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 6th day of August, 2015.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE